```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF KENTUCKY
                            AT PADUCAH
```

CIVIL ACTION NO. 5:11CV-97-R
_____

UNITED STATES OF AMERICA                                      PLAINTIFF

vs.                        C O M P L A I N T

WANDA MCGUIRE                                                 DEFENDANTS
P.O. Box 883
Benton, KY  42025-0883

Any unknown spouse of                    REAL PROPERTY LOCATED AT:
WANDA MCGUIRE                            1006 Foxridge Court
SERVE: Warning Order Attorney            Benton, KY 42025


Comes the plaintiff, the United States of America, by and through its counsel, the United States Attorney for the Western District of Kentucky and for its Complaint and cause of action against the defendant states as follows:

1. This action is brought by the United States of America on behalf of its agency, Department of Agriculture, Rural Housing Service ("RHS") a/k/a Rural Development ("RD") f/k/a Farmers Home Administration ("FmHA"), pursuant to 28 U.S.C. § 1345.

2. On April 18, 1989, defendant, Wanda McGuire, ("Defendant") for value received, executed and delivered to FmHA a Promissory Note (the "Note") in the principal amount of $39,500.00, bearing interest at the rate of 9.5000 percent per annum. Beginning May 18, 1989, principal and interest were payable in monthly installments of $328.00, due on the 18th of each month until April 18, 2022, at which time the final installment of the outstanding principal and interest was due and payable. A copy of the Note is attached hereto marked

Exhibit A, and is hereby incorporated by reference as if set forth at length herein.

3. Contemporaneously with the execution of the Note and to secure its payment, defendant, Wanda McGuire, executed, acknowledged and delivered to FmHA a Real Estate Mortgage (the "Mortgage") which was recorded on May 18, 1989, in Mortgage Book 171, Page 177, in the Office of the Clerk of Marshall County, Kentucky. In and by the Mortgage, defendant, Wanda McGuire, granted a first mortgage lien to FmHA against the therein-described property (the "Property") located in Marshall County, Kentucky. A copy of the Mortgage is attached hereto marked Exhibit B and is hereby incorporated by reference as if set forth at length herein.

4. To further secure the Note, defendant, Wanda McGuire, executed and delivered to FmHA a Subsidy Repayment Agreement acknowledging the right of FmHA to recapture, upon transfer of title or non-occupancy of the Property, any interest credits granted to her by FmHA. A copy of the Subsidy Repayment Agreement is attached hereto marked Exhibit C and is hereby incorporated by reference as if set forth at length herein.

5. Upon information and belief, the plaintiff states that on or about February 11, 2004, defendant, Wanda McGuire, filed for Chapter 7 bankruptcy relief. Said defendant was discharged in bankruptcy on June 9, 2004, and no personal judgment is sought.

6. Defendant, Wanda McGuire, made payments of principal and interest on the Note from time to time, but failed to make the

principal and interest payments due in accordance with the terms and conditions of the Note and Mortgage and is therefore in default.

7. Paragraph (7) of the Mortgage requires defendant, Wanda McGuire, to pay when due all taxes lawfully attaching to or assessed against the Property. Said defendant failed to pay city and county property taxes on the Property and is therefore in default under the terms of the Mortgage.

8. Paragraph (9) of the Mortgage prohibits defendant, Wanda McGuire, from abandoning the Property. Defendant, Wanda McGuire, no longer resides in the Property. RHS believes that Wanda McGuire has abandoned the Property and is therefore in default under the terms of the Mortgage.

9. Paragraph (17) of the Mortgage provides that if default occurs in the performance or discharge of any obligation of the Mortgage, then the United States shall have the right to accelerate and declare the entire amount of all unpaid principal together with all accrued interest as being immediately due and payable and to bring an action to enforce the Mortgage, including the foreclosure of the lien thereof. Because of the defaults of the mortgage account of defendant, Wanda McGuire, as set forth in paragraphs 6, 7 and 8 above, RHS has served upon said defendant a Notice of Acceleration of Indebtedness and Demand for Payment declaring the entire indebtedness due under the Note and Mortgage to be immediately due and payable.

10. The unpaid principal balance on the Note is $22,912.37, with accrued interest of $1,920.24 and escrow of $610.01, through April 29, 2011. Interest credits were granted in the amount of $21,325.08 for a

total unpaid balance of $46,767.70. Interest is accruing on the unpaid principal balance at the rate of $5.9634 per day after April 29, 2011.

11. The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

12. Whether or not the defendant, Wanda McGuire, is married is unknown to the plaintiff. The defendant, the Unknown Spouse of Wanda McGuire, if same exists, is vested with a curtesy interest in the Property by virtue of his status as the spouse of Wanda McGuire, which said curtesy interest is junior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS. RHS is entitled to a foreclosure sale of the Property free and clear of any interest therein or claim thereon in favor of the defendant, said Unknown Spouse, and the plaintiff calls upon him to come forth and assert his claim or interest in the Property, and offer proof thereof, or be forever barred.

13. There are no other persons or entities purporting to have an interest in the Property known to the plaintiff.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

    a. Judgment against the interests of the Defendant, Wanda McGuire, in the Property in the principal amount of $22,912.37, plus interest in the amount of $1,920.24 and escrow of $610.01 as of April 29, 2011, and $21,325.08 interest credits for a total unpaid balance due of $46,767.70 as of April 29, 2011, with interest accruing at the daily rate of $5.9634 from April 29, 2011, until the date of entry of

Judgment, and interest thereafter according to law, plus costs, disbursements and expenses;

      b.  That RHS be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes; that RHS's lien be enforced and the Property be sold in accordance with Title 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, liens for any city, state, county, or school ad valorem taxes which may be due and payable at the time of sale; and that the proceeds from the sale be applied first to the costs of this action, second to the debt, interest, costs and fees due RHS, with the balance remaining to be distributed to the parties as their liens or interests may appear;

      c.  That the Property be adjudged indivisible and be sold as a whole;

      d.  That the defendants be required to Answer and set up their liens, claims or interests in and to the Property, if any, or be forever barred, and that the foreclosure sale of the Property be free and clear of all such liens, claims and interests;

      e.  The United States shall have possession of the subject property after ten (10) days of judgment entry.

  f. Any and all other lawful relief to which plaintiff may appear properly entitled herein.

              UNITED STATES OF AMERICA

              DAVID J. HALE
              United States Attorney

              s/Michael F. Spalding
              Michael F. Spalding
              Assistant U. S. Attorney
              510 W. Broadway, 10th Floor
              Louisville, KY 40202
              Phone: 502/625-7073
              Mike.spalding@usdoj.gov